UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN L. EDWARDS,

                      Plaintiff,                          MEMORANDUM AND ORDER
                                                                          13-CV-985 (RRM)(LB)

- against -

ELMHURST HOSPITAL CENTER,

                      Defendant.
-------------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

On February 20, 2013, *pro se* plaintiff John L. Edwards, filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). Plaintiff's request to proceed *in forma pauperis* (""IFP") is granted solely for the purpose of the instant order. For the reasons stated below, plaintiff is directed to file an amended complaint, within thirty (30) days of the date of this order, or the instant action shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(b)(ii).

## BACKGROUND

Plaintiff's complaint in unclear. Plaintiff alleges that two of his supervisors failed to file workers compensation papers on his behalf. In addition, plaintiff claims that there were "hazardous working conditions" and that defendant failed to provide a safe work place.[1] (Compl. (Doc. No. 1) ¶8.) Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). On February 14, 2013, the EEOC issued

---

[1] To the extent that plaintiff brings this suit to address the alleged unsafe working conditions at the defendant Hospital, the Court notes that there is no private right of action under the United States Occupational Health and Safety Administration ("OSHA") statutes. *Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983).

1

plaintiff a Dismissal and Notice of Rights letter, stating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (*See* Dismissal and Notice of Rights letter, annexed to the Complaint.)

## LITIGATION HISTORY

Plaintiff is a serial filer of employment discrimination suits against defendant Elmhurst Hospital Center. To date, he has filed eight lawsuits in this Court. *See Edwards v. Elmhurst Hospital Center*, 01 CV 3018 (NG) (stipulation and order of settlement and discontinuance signed May 21, 2004); *Edwards v. Elmhurst Hospital Center*, 06 CV 6859 (RRM) (order dated August 31, 2009, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hospital Center*, 07 CV 2452 (RRM) (order dated July 16, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hospital Center*, 08 CV 3686 (RRM) (order dated September 21, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hospital Center*, 09 CV 1679 (RRM) (order dated September 21, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hospital Center*, 11 CV 4693 (RRM) (Report and Recommendation dated February 15, 2013, recommending that defendant's motion to dismiss be granted); *Edwards v. Elmhurst Hospital Center*, 11 CV 5348 (RRM) (Report and Recommendation dated February 4, 2013, recommending that defendant's motion to dismiss be granted); *Edwards v. Elmhurst Hospital Center*, 11 CV 5349 (RRM) (Report and Recommendation dated February 4, 2013, recommending that defendant's motion to dismiss be granted).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678 (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the *Iqbal* court explained, it "does not require detailed factual

allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678.

## DISCUSSION

Plaintiff's instant action alleges that defendant violated his rights under Title VII and the ADA. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) was qualified for the position he held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010); *Joseph v. North Shore University Hosp.*, No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

The ADA provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In order to establish a prima facie case of discrimination under the ADA, the plaintiff must establish that: (1) the defendant is subject to the ADA; (2) he suffers from a qualifying disability; (3) he was otherwise qualified to perform the essential functions of his position with or without a reasonable accommodation; and (4) the defendant terminated plaintiff's employment under circumstances giving rise to a reasonable inference of discrimination because of his disability. *See Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003); *Debell v. Maimonides Medical Center*, No. 09 CV 3491, 2011 WL 4710818, at *4 (E.D.N.Y. Sept. 30, 2011).

4

Here, the nature of plaintiff's Title VII and ADA claim are unclear. Plaintiff fails to indicate what his protected status is, and even under the most liberal construction of plaintiff's allegations, he provides no facts that could possibly connect any adverse employment action to a protected status. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records*, 604 F.3d at 120-21 (although *Twombly* and *Iqbal* did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

**CONCLUSION**

In light of plaintiff's *pro se* status, this Court will grant plaintiff 30 days from the date of this order to replead his employment discrimination complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that his former employer discriminated against him in violation of Title VII and the ADA.

The amended complaint must be captioned "Amended Complaint" and bear the docket number 13-CV-985. No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order.

If plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

The Clerk of Court shall mail a copy of this Memorandum and Order to the plaintiff, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge