UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN L. EDWARDS,                                            **MEMORANDUM AND ORDER**
                                                            13-CV-985 (RRM) (LB)
           Plaintiff,

    -v-

ELMHURST HOSPITAL CENTER,

           Defendant.
----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      On February 20, 2013, *pro se* plaintiff John L. Edwards initiated the instant action alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). By order dated February 28, 2013, the Court granted plaintiff's request to proceed *in forma pauperis* ("IFP"), and directed plaintiff to file an amended complaint which offered facts giving rise to an inference that his employment was terminated for a discriminatory reason. On March 8, 2013, plaintiff submitted an amended complaint. By order dated March 18, 2013, the Court noted that plaintiff's amended complaint did not comply with the March 8 order, and ordered plaintiff to show cause why his amended complaint should not be dismissed for failure to state a claim on which relief may be granted. The Court also warned in its March 18 order that, because of plaintiff's history of filing baseless actions against defendant, plaintiff may be subject to a filing injunction and/or the imposition of monetary sanctions upon notice and opportunity to be heard should he continue to engage in such conduct. Plaintiff filed an affirmation on April 2, 2013 responding to the order to show cause.

For the reasons discussed below, plaintiff's amended complaint is DISMISSED with prejudice.

## LITIGATION HISTORY

Plaintiff is a serial filer of employment discrimination suits against defendant Elmhurst Hospital Center. To date, he has filed eight lawsuits in this Court, seven of which have been dismissed. *See Edwards v. Elmhurst Hospital Center*, 01 CV 3018 (NG) (stipulation and order of settlement and discontinuance signed May 21, 2004); *Edwards v. Elmhurst Hospital Center*, 06 CV 6859 (RRM) (order dated August 31, 2009, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hospital Center*, 07 CV 2452 (RRM) (order dated July 16, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hospital Center*, 08 CV 3686 (RRM) (order dated September 21, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hospital Center*, 09 CV 1679 (RRM) (order dated September 21, 2010, granting defendant's motion for summary judgment); *Edwards v. Elmhurst Hospital Center*, 11 CV 4693 (RRM) (order dated March 6, 2013 granting defendant's motion to dismiss); *Edwards v. Elmhurst Hospital Center*, 11 CV 5348 (RRM) (order dated March 6, 2013 granting defendant's motion to dismiss); *Edwards v. Elmhurst Hospital Center*, 11 CV 5349 (RRM) (order dated March 6, 2013 granting defendant's motion to dismiss).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an

indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 667–78 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678 (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the *Iqbal* court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678.

**DISCUSSION**

Plaintiff's instant action alleges that defendant violated his rights under Title VII and the ADA. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) was qualified for the position he held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. *Ruiz v. Cnty. of Rockland,* 609 F.3d 486, 491 (2d Cir. 2010); *Joseph v. North Shore Univ. Hosp.*, No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

The ADA provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In order to establish a prima facie case of discrimination under the ADA, the plaintiff must establish that: (1) the defendant is subject to the ADA; (2) he suffers from a qualifying disability; (3) he was otherwise qualified to perform the essential functions of his position with or without a reasonable accommodation; and (4) the defendant terminated plaintiff's employment under circumstances giving rise to a reasonable inference of discrimination because of his disability. *See Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003); *Debell v. Maimonides Medical Center*, No. 09 CV 3491, 2011 WL 4710818, at *4 (E.D.N.Y. Sept. 30, 2011).

Even under the most liberal construction of plaintiff's amended complaint and his affirmation in response to the order to show cause, plaintiff provides no facts that connect any

4

adverse employment action to a protected status.  Plaintiff's amended complaint simply alleges that his supervisors failed to file workers compensation papers on his behalf, and that there were hazardous working conditions at his place of employment.  (Am. Compl. at ¶ 8.)  The charge of discrimination attached to plaintiff's amended complaint alleges that during the course of his employment plaintiff "was subjected to harassment due to my race and color," and further alleges that he "was harassed, excluded and intimidated by management for filing worker's compensation claims and for reporting the unsafe conditions."  (Am. Compl. at p. 6.)  Plaintiff fails to set forth any particulars regarding any complaints that were made, nor does he set forth any adverse actions connected thereto.

      Plaintiff's affirmation in response to the Court's order to show cause offers additional factual allegations, but those allegations are still wholly conclusory and, either taken alone or together with those in the amended complaint, fail state a claim for relief under Title VII or the ADA.  Plaintiff alleges that defendant (1) failed to file workers compensation papers on his behalf, (2) created hazardous working conditions and then failed to correct them, (3) harassed, retaliated against, and eventually terminated plaintiff after he filed EEOC charges and made complaints to the human resources department, (4) failed to accommodate plaintiff's disabilities, which included a chest injury, neck and back injuries, a "vertigo injury," and asthma, and (5) failed to pay plaintiff for time he was away from work after suffering a job-related injury.  Plaintiff alleges that he suffered from several disabilities and that defendant failed to accommodate his injuries, but does not allege facts that could possibly give rise to a reasonable inference that he was discriminated against because of those injuries.  Similarly, although plaintiff alleges that he was treated unequally because he was black, he alleges no facts that give rise to any inference that any employment action was taken against him because of his race.

5

Finally, plaintiff's claim that he was retaliated against for filing EEOC charges and making complaints to human resources is conclusory and does not plausibly suggest entitlement to relief. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records*, 604 F.3d at 120–21 (although *Twombly* and *Iqbal* did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

As noted in the Court's order to show cause, Plaintiff has engaged in filing repeated baseless actions against defendant during the course of his employment. It is clear that multiple unfavorable outcomes in plaintiff's actions have not dampened his need to litigate the termination of employment with defendant. Plaintiff's continued filing of baseless complaints against defendant has been and continues to be a waste of limited judicial resources and will not continue to be tolerated. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("[t]he district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."). *See also Pandozy v. Tobey*, No. 07-4897-cv, 2009 WL 1674409, at *2 (2d Cir. June 16, 2009); *Jenkins v. Eaton*, No. 08-CV-713, 2010 WL 3861050, at *6 (E.D.N.Y. Aug. 25, 2010).

As such, Plaintiff is again warned that if he continues this conduct he may be subject to a filing injunction and/or the imposition of monetary sanctions upon notice and opportunity to be heard. *Simon v. U.S.*, No. 12-CV-5416, 2013 WL 210188, at *1 (E.D.N.Y. Jan. 17, 2013).

**CONCLUSION**

Accordingly, plaintiff's amended complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Memorandum and Order and the accompanying judgment to plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 24, 2013

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge